OYERTON, J.
 

 An election was held in the parish of Washington, for the purpose of authorizing the police jury to levy a five-mill tax on all property in the parish, each year for six years, the proceeds of the tax to be used to construct and improve hard-surfaced public roads. The election resulted in the taxpayers authorizing the police jury to levy the tax. The result of the election was promulgated, and thé police jury levied the tax for the year 1924.
 

 Within 60 days after the promulgation of the election, plaintiff, a property taxpayer of the parish, filed the present suit, the purpose of which is to have the election, which was held, and the ordinance levying the tax, decreed to be null and void, and to enjoin the assessor from extending the tax on the assessment rolls, and the sheriff from collecting it.
 

 The chief, if not the only ground, specifically alleged in the petition, as cause for annulling the election and the proceedings had thereunder, briefly stated, is that, what purports to be an ordinance, calling the election, was, in fact, never passed by the police jury nor even offered for passage therein:
 

 The trial court issued a rule nisi to show cause why the injunction prayed for should not issue. The rule nisi was not heard apart from the merits, but an answer having been filed, putting plaintiff’s demand at issue, the court heard the rule nisi and the merits together. The trial resulted in the rejection of plaintiff’s demand, and plaintiff has appealed.
 

 Section 10 of article 10 of the Constitution of 1921 authorizes any political subdivision of the state, for the purpose of constructing, improving, or maintaining, among other things public roads, to levy taxes, within certain prescribed limits, in excess of the limitations fixed elsewhere in the Constitution, the taxes not to run for a longer period than 10 years; the authority to levy them being granted upon condition that the rate, purpose, and duration of the taxes, which it is desired to levy, shall have been submitted to the resident property taxpayers qualified to vote in the subdivision in which the tax is to be levied, and that a majority of those voting, in number and amount, shall have voted for the proposition to authorize the levy. Section 2 of Act. 256 of 1910 authorizes the police jury of a parish, acting for the parish, or for certain other political subdivisions, to call such an election, and section 3 thereof, among other things, provides:
 

 “That in the resolution calling the election, the rate, object and purpose for which the tax is to be levied and the number of years it is to run, must be stated.”
 

 Defendants contend that the police jury adopted an ordinance meeting the requirements prescribed by law. This ordinance, it may be said, is the one attacked by plaintiff, as not having been offered in, and passed by, the police, jury.
 

 Defendants have filed the ordinance in evidence. It is signed by the president of the police jury, and by its secretary. Having been so signed, the presumption is that it was regularly adopted. This presumption, however, may be overcome by producing the minutes of the body from which the ordinance purports to have emanated, for the minutes may fail to show that the ordinance
 
 *457
 
 was passed, or may show that it was offered, hut was defeated. The question, therefore, is, What do the minutes • show? And this involves, in the present instance, a determination of what constitutes the minutes.
 

 Plaintiff has filed in evidence a copy of the minutes of date March 7, 1924, on which day the ordinance was passed, if passed at all. The copy shows that, on the day named, the police jury convened, and shows various acts performed by them in the discharge of their duties at the meeting held, and concludes as follows:
 

 “There appearing no further business, the board stood adjourned to meet on Friday, April 4,1924. J. E. Leslie, President.
 

 “W. E. Banister, Secretary.”
 

 The names of Leslie and Banister, appearing above, are signed to the minutes with a typewriter.
 

 In the copy of the minutes, offered by plaintiff, there is no reference whatever to a resolution or ordinance calling an election, nor does the copy show that even a motion was made to call one. Plaintiff has also offered in evidence the notes from which the minutes were prepared. These notes, or rough minutes, contain no reference to the ordinance in question.
 

 On the other hand, defendants have proven that there appear of record, in the minute book, between the entry, showing the adjournment of the meeting of March 7, 1924, and the minutes of the succeeding meeting, two or three documents or papers, one of which is the ordinance in question. At the head of the copy of the ordinance in the minute book appears the following:
 

 “At a regular meeting o'f the police jury held at Franklinton, Washington Parish, La., on the 7th day of March, 1924, the following resolution was introduced by 6. M. Tate, seconded by J. H. Cassidy and unanimously carried.”
 

 Defendants contend that the contents of the pages of the minute book, on which appear the inscription of the documents just mentioned, including the ordinance in question and the inscription appended thereto, are a part of the minutes, and should be so deemed and considered.
 

 In our view, the minutes of March 7th, on which day the ordinance was passed, if it was adopted at all, close with the entry showing adjournment, and with what purport to be the signatures of the president and the secretary to the minutes immediately following that entry. Any third person, reading the minutes, would naturally so conclude, though he might, and probably would, take the view that they were signed in an irregular manner. If he examined the minutes of the succeeding meeting, he would find that those of the previous one had been read and approved, and would, we think, decide that the approval had reference to what any one would conclude to be the minutes of the preceding meeting; that is to say, those down to and including the entry showing adjournment, noted above. We think that the courts should take the same view. It is the logical and natural one. If the minutes of March 7th contained anything to identify the inscriptions mentioned with them, we would take a contrary view, but they do not. In so far as the inscriptions, themselves, are concerned, they cannot be given the force and effect of identifying themselves with the minutes of‘the date named, or of any other date. These inscriptions are merely the record of matters loosely appearing in the minute book.
 

 Our conclusion, therefore, is that the inscriptions mentioned are not a part of the minutes of March 7th, and hence, ás the record excludes the idea that, if the ordinance was passed, the minutes elsewhere show its passage, we conclude that the adoption of the ordinance does not appear from the minutes of the police jury.
 

 Parol evidence has been also offered to show whether or not the ordinance in question was ever adopted, and defendants contend that the evidence offered shows that the ordinance was passed.
 

 
 *459
 
 It may be doubted that parol evidence may be relied upon by a police jury to show that it has passed an 'ordinance, but granting that it may, this evidence leaves it seriously in doubt whether such an ordinance was ever passed. This evidence, however, does show that a vote was taken, in executive session held that day, on the question as to whether or not it was the sense of the police jury to call an election to authorize the issuance of negotiable bonds or the levy of a special tax, to construct and improve roads, and it may well be that the vote taken on that question misled the police jury into thinking that the ordinance had been .actually passed, when it had not.
 

 For the foregoing reasons we conclude that it does not appear that the ordinance was ever adopted, and such being the case, we feel constrained to annul the election, for the calling of it, by ordinance or resolution duly passed, is, as we have seen, essential to its validity.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled and set aside, and it is now ordered and decreed that said election, and all proceedings had thereunder, be annulled, and that said injunction issue as prayed for, and be- perpetuated, the police jury to pay the'costs of both courts.*